

EXHIBIT
C
tabbies'

## AGREEMENT FOR SETTLEMENT
## OF RESTITUTION OBLIGATION

This AGREEMENT FOR SETTLEMENT OF RESTITUTION OBLIGATION is made and entered into as of this fourteenth (14th) day of November 2006 by and between AMVEST CORPORATION ("AMVEST") and JOSÉ ENRIQUE MAYORAL AMY and his wife, LISA MARIE PENFIELD KIRBY (the first will be referred subsequently as "Mayoral").

### RECITALS



WHEREAS, on November 30, 1988 the United States District Court for the Southern District of Florida entered a judgment in the criminal case of United States of America v. José A. Mayoral (Case No. 88-40-CR-RYSKAMP) in which it included an order for restitution in the amount of Two Million Dollars ($2,000,000.00) payable to AMVEST Capital Corporation or its bonding company under the direction of the U.S. Probation Office; and the case was transferred to the jurisdiction of the United States District Court for the District of Puerto Rico on January 7, 2000;

WHEREAS, AMVEST Capital Corporation terminated its existence in August 1999 and its parent company, AMVEST is its successor in interest;

WHEREAS, as of October 2006, Mayoral had paid and/or AMVEST had collected the amount of Three Hundred Twenty Thousand Six Hundred Fifty-Three Dollars and Seventy Cents ($320,653.70) and thus Mayoral still owes AMVEST the amount of One Million Six Hundred Seventy Nine Thousand Three Hundred Forty-Six Dollars and Thirty Cents ($1,679,346.30), under the referred restitution order;

WHEREAS, AMVEST and Mayoral have agreed to settle, in the amount of Three Hundred Fifty Thousand Dollars ($350,000), the amount owed to AMVEST under the referred restitution order, subject to the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the premises and covenants contained herein, the parties hereby agree to the following

.4/ 2006  04.22PM

2

## TERMS AND CONDITIONS

1.      Mayoral acknowledges and accepts that he owes AMVEST, under the restitution order previously mentioned, the amount of One Million Six Hundred Seventy Nine Thousand Three Hundred Forty-Six Dollars and Thirty Cents ($1,679,346.30), and that this amount is outstanding, fully due and payable, and not subject to any counterclaim or set-off of any kind, as of the date of this Agreement.

2.      AMVEST and Mayoral agree that this amount will be reduced, subject to Mayoral's compliance with all the terms and conditions of this Agreement, to the amount of Three Hundred Fifty Thousand Dollars ($350,000), and payable in the following two installments:



(a)     One Hundred Thousand Dollars ($100,000), on or before December 31, 2006; and

(b)     Two Hundred Fifty Thousand Dollars ($250,000), on or before December 31, 2007.

3.      As security for the compliance of its obligations under this Agreement, Mayoral covenants and agrees to deliver, and cause his wife to deliver, in pledge, and constitute a security interest on, the corresponding promissory notes to be secured by the respective mortgage in favor of AMVEST on certain real properties to be identified by Mayoral as soon as possible after the execution of this Agreement and selected by AMVEST (the "Properties") in the total principal amount of Three Hundred Fifty Thousand Dollars ($350,000). The distribution of the total principal amount among the Properties will be made by AMVEST, taking into consideration the market value of the Properties and the mortgages or liens affecting these. The corresponding promissory notes, pledge and security agreement, and mortgage deeds will be executed on or before December 1, 2006. Mayoral and his wife will be given at least two (2) days prior notice,

3

through Mayoral's counsel, Marco Rigau, regarding the date and hour in which the documents referred to in this paragraph will be executed at McConnell Valdés' office.

4.    Mayoral accepts that he will assume the notarial fees and expenses related to the execution and recordation of said mortgages or to any further private or public document necessary or convenient in regard thereto, including, but not limited to, the (a) internal revenue, notarial and legal assistance stamps for the original and certified copy, and recording fees, of the corresponding deeds of mortgage, (b) the updating or preparation of the corresponding title search on the Properties; and (c) the issuance of the corresponding title and mortgage policies in favor of AMVEST by a reputable title company to be selected by AMVEST.

5.    The failure by Mayoral to perform any obligation under this Agreement will constitute a default under the same, which will permit AMVEST to declare the entire original amount of One Million Six Hundred Seventy Nine Thousand Three Hundred Forty-Six Dollars and Thirty Cents ($1,679,346.30) due and payable, without further notice to Mayoral, and with prior notice to his wife through Mayoral's referred counsel, and to take any appropriate legal measure to collect the same, including, but not limited to, commencing the corresponding action for foreclosure of the pledge and security interest and the corresponding mortgage in regard to the Properties.




6.    Mayoral acknowledges that by entering into this Agreement, AMVEST is in no manner waiving any right or remedy that it may have under the Victim and Witness Protection Act of 1982, as amended in 1996 by the Mandatory Victims Restitution Act, 18 U.S.C.A. §§ 63, et seq.

7.    AMVEST agrees, upon the execution by Mayoral of this Agreement, the promissory notes, pledge and security agreement, and mortgage deeds, if necessary, to file a motion in the mentioned case before the U.S. District Court for the District of Puerto Rico and notify the United States Probation Office in charge of Mayoral's case ratifying that it has no objection to the closing or dismissal of the case or the termination of Mayoral's probation period,

4

as a definite settlement has been reached regarding Mayoral's obligations under the referred restitution order.

8.    This Agreement shall not be assigned or transferred in any manner by Mayoral to any third person or entity, but it can be assigned to, and will inure to the benefit of, any assign or future successor in interest of AMVEST.

9.    This Agreement constitutes our entire understanding concerning the subject matter hereof and supersedes any prior or contemporaneous agreement in relation thereto, not included herein. No change, modification or amendment to this Agreement will be effective, unless made in writing and subscribed by both parties hereto.

IN WITNESS WHEREOF, the Parties have executed this Agreement, as of the date included at the beginning of the same.

_____          _____
JOSÉ ENRIQUE MAYORAL AMY                  LISA MARIE PENFIELD KIRBY

AMVEST CORPORATION

By: _____
Randolph H. Huffman
Executive Vice President and
Chief Financial Officer

Affidavit No. __185__

Acknowledged and subscribed before me by José Enrique Mayoral Amy and his wife, Lisa Marie Penfield Kirby, both of legal age, business persons and residents of Dorado, Puerto Rico, which I have identified by means of their respective driver's license, in San Juan, Puerto Rico on this 14th day of November, 2006.

_____
Notary Public

WAP022-128.doc